UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY J. MINNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02075-JMS-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Movant, Anthony J. Minney, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained in this Entry, Minney's motion for relief must be **denied.** The Court also finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

The motion for relief pursuant to 28 U.S.C. § 2255 is subject to the screening directed by Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.* This Rule provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rules Governing Section 2255 Proceedings 4(b).

The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.),

*cert. denied*, 516 U.S. 904 (1995). In the language of the statute itself, a district court has jurisdiction to grant relief from a federal conviction or sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

The record reflects that Minney pled guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922 (Count 1) in case number 1:15-cr-63-LJM-DML-1. In pleading guilty Minney had the benefit of a Plea Agreement pursuant to Rule 11(c)(1)(B) and the United States dismissed Counts 2 and 3 of the Indictment. Final judgment was entered on November 21, 2016.

Minney now seeks to have his conviction vacated based on the theory that evidence of the firearm should have been suppressed. He argues that "counsel should have insisted on interlocutory appeal" after the trial judge denied his motion to suppress.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). Minney cannot meet this burden because counsel adequately sought the suppression of evidence from both the trial court and the Seventh Circuit. An attorney cannot be ineffective for failing to present an issue that is certain to fail. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

At trial and on appeal Minney's counsel sought to suppress the evidence collected during the search of his residence at 3421 Arthington Boulevard in Indianapolis, Indiana, on January 23, 2015. Counsel argued that the search continued in violation of Fourth Amendment even after the items listed in the warrant were located and that the seizure of firearms exceeded the scope of the search warrant. Crim. Dkt. 49. The motion to suppress was fully briefed and a hearing was held on June 19, 2016. The trial judge, Judge Larry J. McKinney, denied the motion to suppress that same day. Crim. dkt. 72 (redacted transcript).

On appeal, Minney argued that the guns should be suppressed because the officers exceeded the scope of the search warrant. The Seventh Circuit disagreed finding that the search was legal based on the plain-view doctrine. In addition, the Seventh Circuit rejected the argument that the officers found the electronic devices listed in the search warrant immediately and then continued searching for incriminating evidence because the officers never found the second television listed on the search warrant. The denial of the motion to suppress was affirmed. Crim. dkt. 96 (Case No. 16-4057, decided June 13, 2017).

The law of the case is that the firearm evidence was not obtained in violation of Minney's constitutional rights. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.) (internal citations and quotations omitted). Given this fact, Minney cannot show that his counsel was deficient or that he was prejudiced by his counsel's failure to file an interlocutory appeal.

3

The motion for relief pursuant to § 2255 is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court*. Judgment consistent with this Entry shall now issue. The clerk shall also **enter this Entry on the docket in the underlying criminal action, No. 1:15-cr-63-JMS-DML-1**. The motion to vacate shall also be **terminated** in the underlying criminal action.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Minney has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/11/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY J. MINNEY
#12677-028
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246